PAINE *v.* NORTHERN PAC. R. CO.*

*(Circuit Court, D. Minnesota. December Term, 1882.)*

TRESPASS FOR CUTTING TIMBER—INSUFFICIENT DEFENSE.

In a suit by the owner of land for damages for timber cut thereon by the licensee of the vendor, and for the vendor's use, the unrevoked parol license given by the vendor prior to the purchase by complainant is no defense.

Motion for New Trial.

*Ensign & Cash* and *Wilson & Lawrence,* for plaintiff.

*W. P. Clough,* for defendant.

NELSON, D. J., *(orally.)* A bill of exceptions was settled and signed for the purpose of allowing a writ of error to the supreme court of the United States. A motion is made by the defendant, the Northern Pacific Railroad Company, for a new trial. Suit was brought by Paine

*Affirmed. See 7 Sup. Ct. Rep. 323.

against the Northern Pacific Railroad Company to recover the value of a large amount of timber that was cut upon land owned by plaintiff and sold to him by the Northern Pacific Railroad Company.

The principal defense set up by the Northern Pacific Railroad Company is that before they sold to Paine a parol license was given to the Knife Falls Water-power Company to cut upon this specific property, the latter agreeing to cut timber to a certain amount, and deliver to the former at a certain price. The Knife Falls Water-power Company went upon this land and cut the timber. Subsequent to this parol license the land was sold unconditionally to Paine. There is no question but that the timber was cut upon Paine's land after he purchased the property unconditionally. The defense is that this parol license previously given to the Knife Falls Water-power Company was never revoked, and, that being so, it was a defense in this suit of Paine against the railroad company to recover the value of the timber.

I held on the trial that such parol license was no defense to this action.

A writ of error will be allowed, and the case may go to the supreme court upon the bill of exceptions as settled and signed.